IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTOINE LASTER | CRIMINAL ACTION<br><br>NO. 2:23-cr-00062 |
|---|---|

MEMORANDUM

**Baylson, J.**                                                                                      July 11, 2023

This matter addresses the active motions in USA v. Laster, 23-cr-62. All four motions were filed on May 23, 2023. The motions contain overlapping requests for evidence in the government's possession.

I.  INTRODUCTION

  A.  **Defendant's First Motion For Discovery**

Defendant has filed his first (and currently only) Motion for Discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure. 1st Mot. Discovery (ECF 14). He moves for disclosure of:

  (1) Any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial;
  (2) Any relevant written or recorded statement by the defendant if the statement is in the government's possession or control, and the government knows of the statement;
  (3) Any written record containing substance of defendant's oral statements provided the statement is made in response to interrogation by a person the defendant knew to be a government agent; and
  (4) Any recordings of the defendant's grand jury testimony, if related to the offense.

1

<u>Id.</u> at 1-2.  Defendant also requests the opportunity to review any tangible pieces of evidence that are material to the defense that the government intends to use in its case in chief or that was obtained from the defendant.  <u>Id.</u> at 2.  Finally, Defendant specifically requests:

(1) The date, time and place of every occasion on which any surveillance, mail cover, search and/or seizure, whether electronic, photographic, mechanical, visual, aural or any other type, was made of defendant, or his office or premises, or was directed against defendant, together with all documents, photographs, recordings or other materials resulting from or reflecting or relating to such occasions;
(2) Any material or information . . . which tends to indicate the indictment of any of the government's evidence or sources of evidence against the Defendant was the result or "fruit" of an unlawful or questionable procedure;
(3) Any and all information regarding any confidential human sources, or agents working in an undercover capacity; and
(4) A list of all documents used, obtained or written in connection with the investigation preceding the indictment that the government destroyed, for whatever reason, including but not limited to, rough notes of interviews, reports, memoranda, subpoenaed documents and other documents.

<u>Id.</u> at 2-3.

### B. Motion For Disclosure of Exculpatory Evidence

In a similar theme to his First Motion for Discovery discussed above, Defendant moves for disclosure of all evidence the government has in its possession which is favorable to Defendant. Mot. Exculpatory Evidence (ECF 15) at 1.  Specifically, Defendant requests:

(1) Disclosure of any and all information pertaining to past criminal behavior and misconduct of the government witnesses;
(2) Disclosure of the files of law enforcement personnel involved in the instant prosecution which contain information regarding any government witness and prior criminal behavior and misconduct, be made available to the defense, or in the alternative if, and only if, the Court denies the request for direct disclosure of information, the defense requests the Court order said information be made available for an in camera inspection;
(3) The background and criminal activities of any undercover agents or confidential human sources;
(4) the criminal activities of witnesses called by the prosecution of which the government is aware, whether or not currently under investigation by law enforcement agents, as well as any prior investigation of any witnesses called the prosecution;

(5) A statement concerning any monies paid any and all witnesses by any government agency. This includes any monies paid any confidential informant or participating witness during the investigation that led to the indictment in this case; and

(6) the expertise and knowledge of law enforcement personnel who specialize in investigation of human trafficking, in so far as it regards the criminal behavior and other misconduct.

Id. at 1-2.  Defendant argues that this information is necessary for the effective cross-examination and impeachment of government witnesses.  Id. at 2-3.  Defendant also requests disclosure of prior criminal records of all government witnesses; any other information that is favorable to Defendant; and information in the government's possession "pertaining to any special personnel need of any government witnesses to avoid incarceration such as impoverishment of his families[.]"  Id. at 3.  In his memorandum of law, Defendant argues that he is entitled to these disclosures under Brady and Giglio, and that Third Circuit precedent encourages the early production of such evidence.  Id. at 4-5.

C.   **First Motion for Disclosure of Jencks and Brady/Giglio Materials**

Defendant moves for early disclosure of Jencks and timely disclosure of Brady/Giglio materials.  Mot. for Jencks, Brady, and Giglio Materials (ECF 16).  Defendant argues that there are no safety considerations that would support a late disclosure of the material sought.  Id. at 1.  Defendant argues that he is legally entitled to "adequate time" to review Jencks material.  Id. at 2.  He also argues that the government should disclose Jencks material "as soon as practicable."  Id. at 2-3.  Defendant also argues that he is entitled to Brady/Giglio materials disclosed in a timely manner.  Id. at 4.

D.   **Motion For Government Agents to Retain Rough Notes**

Lastly, Defendant asks this Court to order the government and the investigating officers to retain and preserve all rough notes as part of their investigation.  Mot. to Retain Rough Notes (ECF 17) at 1.  Citing United States v. Vella, Defendant argues that the decision regarding whether

3

rough notes are discoverable is for the courts to decide. Id. at 1-2, citing United States v. Vella, 562 F.2d 275 (3d Cir. 1977). Defendant argues that the notes are at risk of being destroyed and therefore an order to preserve them is necessary. Id. at 2.

### E. The Government's Response

The Government has responded to all four motions in a single Memorandum, basically taking the position that the Motions should be denied as moot because the Government has already complied with its discovery obligations and is not withholding any information at this time. Resp. (ECF 20). One exception is that the Government takes the position that Defendant's request for Jencks material is premature, and the Government is not obliged to turn such material over until after a trial witness has completed trial testimony. Id. at 3-4.

## II. ANALYSIS

The Court notes that the Government's position is for the Motion to be denied as moot. However, that is not necessarily the correct ruling on the Motions. The Court believes that the Defendant has filed the Motions in good faith and albeit belatedly, but also is not in a position to challenge the Government's Response that it has already complied with the great majority of the matters requested by Defendant.

Defendant is correct that he is entitled to the discovery sought by the Motions, including any exculpatory evidence. However, the Government is correct that Jencks material, relating to any prior statements by a government witness, is governed by statute and need not be turned over until a witness who made such a statement has completed their direct testimony at trial. This Court will follow that procedure.

If defense counsel disputes the Government's representation that it has provided most of the material requested and any exculpatory material, the Court will require the Government and

4

defense counsel to meet and confer on specific issues and then advise the Court if further rulings are necessary, which would take place upon the beginning of the trial on July 26, 2023.

### III.    CONCLUSION

For the foregoing reasons, Defendant's First Motion of Discovery (ECF 14), Defendant's Motion for Disclosure of Exculpatory Evidence (ECF 15), and Defendant's Motion for Government's Agents to Retain Rough Notes (ECF 17) shall be **GRANTED**.  Defendant's Motion for Disclosure of Jencks and Brady/Giglio Material (ECF 16) shall be **DENIED** without prejudice to be renewed at the appropriate time according to law.  An appropriate Order follows.

O:\CRIMINAL DEPUTY (Lori)\ORDERS\23.cr.62 Memorandum re Discovery Motions.docx